IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **EUGENE LEMONDE WILLIAMS, Jr.** : | |
| : | |
| **Plaintiff** : | |
| : | |
| VS. : | |
| : | CIVIL No: 5:12-CV-0145-MTT-CHW |
| **JONES COUNTY SHERIFF'S** : | |
| **OFFICE, et. al.,** : | |
| : | **PROCEEDINGS UNDER 42 U.S.C. ▪1983** |
| **Defendants** : | **BEFORE THE U. S. MAGISTRATE JUDGE** |

## ORDER & RECOMMENDATION

Plaintiff **EUGENE LEMONDE WILLIAMS, Jr.**, an inmate currently confined at the Coffee County Correctional Facility in Nicholls, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. He also seeks leave to proceed without prepayment of the $350.00 filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). Based on Plaintiff's submissions, the Court finds that Plaintiff is presently unable to pre-pay the filing fee. The Court thus **GRANTS** Plaintiff's Motion to Proceed *in forma pauperis* and waives the initial partial filing fee required by 28 U.S.C. § 1915(b)(1). However, Plaintiff is still obligated to eventually pay the full filing fee, as is directed later in this Order & Recommendation. For this reason, the Clerk of Court is **DIRECTED** to send a copy of this Order to the business manager of the prison in which Plaintiff is currently incarcerated.

The Court has now also reviewed Plaintiff's Complaint as required by 29 U.S.C. §1915A(a) and finds that Plaintiff's claims against Defendants Melvin Johnson, John Jackson, and Officer Royal should be allowed to go forward. It is **RECOMMENDED**, however, that

Defendants Jones County Sherriff's Department, Ms. Senn, Officer Skinner, and Sheriff Reece be **DISMISSED** from this action pursuant to 28 U.S.C. § 1915A(b)(1).

## STANDARD OF REVIEW

Because Plaintiff is a prisoner "seeking redress from a governmental entity or [an] officer or employee of a governmental entity," this Court is required to conduct a preliminary screening of his Complaint. See 28 U.S.C. ▪ 1915A(a). In so doing, the district court must accept all factual allegations in the Complaint as true. Brown v. Johnson, 387 F.3d 1344, 1347 (11th Cir. 2004). *Pro se* pleadings, like the one in this case, are also "held to a less stringent standard than pleadings drafted by attorneys" and must be "liberally construed.@ Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998). A district court, however, will still dismiss a prisoner complaint after the initial review if it finds that the complaint (1) "is frivolous, malicious, or fails to state a claim upon which relief may be granted@, or (2) Aseeks monetary relief from a defendant who is immune from such relief.@28 U.S.C. §1915A(b); see also 28 U.S.C. §1915(2)(B).

A claim is frivolous when it appears from the face of the complaint that the factual allegations are Aclearly baseless@or that the legal theories are "indisputably meritless." Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). A complaint is thus properly dismissed by the district court *sua sponte* if it is found to be "without arguable merit either in law or fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001).

A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "merely create[] a suspicion [of] a legally cognizable right of action." Id. In other words, the

complaint must allege "enough facts to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. Id.  "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 663, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).

To state a claim for relief under § 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. Hale v. Tallapoosa County, 50 F.3d 1579, 1581 (11th Cir. 1995).  If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. See Chappell v. Rich, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

## STATEMENT AND ANALYSIS OF CLAIMS

In the present Complaint, Plaintiff identifies two separate instances in which he believes that his constitutional rights were violated through the use of excessive force by police officers and prison guards.  Plaintiff also claims to have been denied adequate medical care.

According to the Complaint (ECF No. 1) and the supplement thereto (ECF No. 9), Plaintiff was attacked by Jones County police officers on May 10, 2010.  He claims that, while he was standing in his driveway, Defendant John Jackson choked him with his "club" and Defendant Melvin Johnson "sprayed" him (presumably with pepper spray). Plaintiff was allegedly blinded by the spray and fell to the ground.  Plaintiff then felt a shocking pain in his stomach, apparently as a result of Defendant Jackson "shocking" him as Defendant Johnson continued to "spray" Plaintiff in the face.  Plaintiff alleges that the two officers then carried him to their car because he had lost feeling in his leg and could not walk.  As the officers placed Plaintiff in the car, one (or both) of the officers shut the door on Plaintiff's foot, which apparently broke a bone and caused a great deal

3

of bleeding.  According to Plaintiff's Supplement, this injury was not properly treated by "Lieutenant Senn."

The second event giving rise to this action occurred two months later, on July 9, 2010, at the "Jones County LEC."  The Complaint alleges that Plaintiff was "sprayed" five times in less than ten minutes and that Defendant "Officer Royal" hit him with "control sticks."  Plaintiff was then allegedly "dragged to a 2x3 cell in the booking area where [he] was sprayed twice more and punched in the head by Officer Royal."  Plaintiff was apparently left in the cell and alleges that the spray made it difficult to breathe, that he was denied medical treatment for the pain it caused to his left eye, and that he was locked in a cell for three weeks without access to a shower.

Plaintiff's allegations, when read in a light most favorable to the Plaintiff, may support a claim for relief against Defendants "Melvin Johnson," "John Jackson," and "Officer Royal" under 42 U.S.C. §1983.  It is thus **ORDERED** that service be made on these Defendants and that they file an Answer, or such other response as may be appropriate under Rule 12 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1915, and the Prison Litigation Reform Act.  Defendants are reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

Plaintiff has failed to state a claim against any other defendant, however.  The allegations in the Complaint are not sufficient to state a constitutional claim for a "denial of medical care" against Defendant Senn.  The Complaint simply does not describe acts or omissions sufficiently harmful so as to evidence a deliberate indifference to a serious medical need. See Estelle v. Gamble, 429 U.S. 97, 106 (1976).  It is thus **RECOMMENDED** that Defendant Senn be **DISMISSED** from this action.  It is also **RECOMMENDED** that Defendants "Jones County Sheriff's Department," "Officer Skinner," and "Sheriff Reece," be **DISMSSED**. A county sheriff's

department is not a legal entity subject to suit in § 1983 action, <u>see</u> <u>Dean v. Barber</u>, 951 F.2d 1210, 1214 (11th Cir. 1992), and Plaintiff has failed to make any allegations of wrongdoing against Officer Skinner or Sheriff Reece, <u>see</u> <u>Douglas v. Yates</u>, 535 F.3d 1316, 1322 (11th Cir. 2008).

Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may serve and file written objections to these Recommendations with the district judge to whom this case is assigned within fourteen (14) days after being served a copy of this Order.

### DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall at all times keep the Clerk of this Court and all opposing attorneys and/or parties advised of their current address. **Failure to promptly advise the Clerk of a change of address may result in the dismissal of a party's pleadings.**

### DUTY TO PROSECUTE ACTION

Plaintiff is also advised that he must diligently prosecute his Complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendants are similarly advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

### FILING AND SERVICE OF MOTIONS, PLEADINGS, AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court. A party need not serve the opposing party by mail if the opposing party is represented by counsel. In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings,

and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished (i.e., by U.S. Mail, by personal service, etc.).

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of Defendants from whom discovery is sought by Plaintiff. Defendants shall not commence discovery until such time as an answer or dispositive motion has been filed. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure. Plaintiff's deposition may be taken at any time during the time period hereinafter set out, provided that prior arrangements are made with her custodian. Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of her lawsuit under Rule 37 of the Federal Rules of Civil Procedure.

It is hereby **ORDERED** that discovery (including depositions and interrogatories) shall be completed within 90 days of the date of filing of an answer or dispositive motion by Defendants (whichever comes first) unless an extension is otherwise granted by the Court upon a showing of good cause therefor or a protective order is sought by Defendants and granted by the Court. This 90-day period shall run separately as to each Defendant beginning on the date of filing of each Defendant's answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall not be filed with the Clerk of Court. No party shall be required to respond to any discovery not directed to him or served upon him by the opposing counsel/party.

The undersigned incorporates herein those parts of the Local Rules imposing the following limitations on discovery: except with written permission of the Court first obtained, INTERROGATORIES may not exceed TWENTY-FIVE (25) to each party, REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and REQUESTS FOR ADMISSIONS under Rule 36 of the Federal Rules of Civil Procedure may not exceed FIFTEEN (15) requests to each party. No party is required to respond to any request which exceed these limitations.

### REQUESTS FOR DISMISSAL AND/OR JUDGMENT

Dismissal of this action or requests for judgment will not be considered in the absence of a separate motion therefor accompanied by a brief/memorandum of law citing supporting authorities. Dispositive motions should be filed at the earliest time possible, but in any event no later than thirty (30) days after the close of discovery unless otherwise directed by the Court.

### DIRECTIONS TO CUSTODIAN OF PLAINTIFF

Following the payment of the required initial partial filing fee or the waiving of the payment of same, the Warden of the institution wherein Plaintiff is incarcerated, or the Sheriff of any county wherein she is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. In accordance with provisions of the Prison Litigation Reform Act, Plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.

It is further **ORDERED** and **DIRECTED** that collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected,

notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against her prior to the collection of the full filing fee.

## PLAINTIFF'S OBLIGATION TO PAY FILING FEE

Pursuant to provisions of the Prison Litigation Reform Act, in the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, she shall remain obligated to pay any balance due on the filing fee in this proceeding until said amount has been paid in full; Plaintiff shall continue to remit monthly payments as required by the Prison Litigation Reform Act. Collection from Plaintiff of any balance due on the filing fee by any means permitted by law is hereby authorized in the event Plaintiff is released from custody and fails to remit payments.   In addition, Plaintiff's Complaint is subject to dismissal if she has the ability to make monthly payments and fails to do so.

**SO ORDERED and RECOMMENDED**, this 4th day of June, 2012.


                                              s/ Charles H. Weigle_____
                                              Charles H. Weigle
                                              United States Magistrate Judge